**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2823-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL CIRRINCIONE,

    Defendant-Appellant.

_____

Submitted March 17, 2025 – Decided April 14, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 24-001.

Michael Cirrincione, appellant pro se.

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Cirrincione was arrested and charged with disorderly persons, N.J.S.A. 2C:33-2(a)(1); obstructing administration of law, N.J.S.A. 2C:29-1(a); interference with lawful business enterprise, Belmar, N.J., Code § 16-26; and prohibited noise, Belmar, N.J. Code § 16-3.1. A municipal court conducted a trial and convicted him of each of those charges. He appealed those convictions to the Law Division. After conducting a trial de novo, the Honorable Michael A. Guadagno entered an order and opinion on May 3, 2024, vacating the convictions based on the town ordinances, convicting defendant of the disorderly-persons and obstruction charges, and imposing the same sentence imposed by the municipal court for those convictions.

Defendant appeals from that order, presenting the following arguments for our consideration:

> Point 1
>
> THE TRIAL COURT'S ERRORS AND OMISSIONS RESULTED IN AN UNJUST OUTCOME. JUDGE GUADAGNO FAILED TO CONSIDER A CRUCIAL PRETRIAL MOTION AND INCLUDED INACCURATE INFORMATION ON THE OPINION. THESE ERRORS RAISE DOUBTS ABOUT THE THOROUGHNESS OF THE REVIEW OF THE COMPLETE RECORD, WHICH IS CRUCIAL FOR ENSURING FAIRNESS AND INTEGRITY IN THE DECISION[-]MAKING PROCESS.

Point 2

JUDGE GUADAGNO'S TRIAL COURT OVERLOOKED SIGNIFICANT ERRORS, INCLUDING THE POTENTIAL INTENTIONAL FALSE STATEMENTS MADE BY LAW ENFORCEMENT. FURTHERMORE, THE DENIAL OF THE APPELLANT'S MOTION FOR DECLARATORY RELIEF WITHOUT EXPLANATION, WHICH VIOLATED ESTABLISHED RULES IN MUNICIPAL COURT, RAISES CONCERNS ABOUT THE IMPARTIALITY AND FAIRNESS OF THE PROCEEDINGS. THIS LED TO AN UNJUST OUTCOME, AS IT APPEARS THE TRIAL COURT MAY HAVE OVERLOOKED OR MISSED THE DENIAL OF THE APPELLANT'S PRETRIAL MOTION FOR DECLARATORY RELIEF ALONG WITH FALSE STATEMENTS MADE BY LAW ENFORCEMENT.

Point 3

THE DEFENDANT'S CONVICTION SHOULD BE OVERTURNED DUE TO THE WITNESS'S FALSE ACCUSATIONS, CONTRADICTORY STATEMENTS, AND WITH THE TRIAL COURT[']S PROCEDURAL ERRORS, WHICH HAVE RESULTED IN UNJUST OUTCOME IN VIOLATION OF RULE 2:10-2.

We affirm the order substantially for the reasons set forth in Judge Guadagno's comprehensive written opinion.

We note defendant faults Judge Guadagno for not considering a motion for declaratory relief defendant purportedly submitted to the municipal court

3

before his trial before that court.  But as defendant concedes, he did not raise any issues regarding that motion during the de novo Law Division trial.  We see no reason to fault Judge Guadagno for not addressing an argument defendant failed to make before him or for this court to consider now an argument defendant could have made but did not make in the Law Division.  See J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available."  (quoting State v. Robinson, 200 N.J. 1, 20 (2009))).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

4